WM. C. MAHANES *et al.* v. THE DARTMOUTH SAVINGS BANK.

No. 129.

SUBROGATION — *Who May Ask it.* A person is not entitled to be subrogated to the rights of a mortgagee, or to be treated as his equitable assignee, who does not either directly or indirectly furnish any part of the money used in paying his mortgage.

MEMORANDUM.— Error from Greenwood district court; C. A. LELAND, judge. Action by The Dartmouth Savings Bank against Wm. C. Mahanes and

others to foreclosure a mortgage. Judgment for plaintiff. Defendants bring the case to this court. Reversed. The opinion herein was filed October 7, 1896.

The statement of the case, as made by DENNISON, J., is as follows :

This action was brought in the district court of Greenwood county by the Dartmouth Savings Bank against William C. and Sarah E. Mahanes to foreclose a mortgage of $1,750 claimed to have been executed by Mahanes and wife to the Kansas Loan and Trust Company, and by it assigned to said bank. Mr. and Mrs. Mahanes denied the execution of the note and mortgage. The record, including the special findings of the jury, establishes the following state of facts, viz. :

For a long time prior to December 5, 1889, Mahanes and his wife owned and occupied as a homestead a quarter-section of land in said county, and on said date · deeded the same to one N. W. Hackett for the purpose of enabling him to make a sale of it for Mr. Mahanes. There was upon said land two mortgages aggregating $1,150, both being held by the Lombard Mortgage Company. While the title was in Hackett an application purporting to have been signed by Wm. C. Mahanes, was sent to the Kansas Loan and Trust Company for a loan of $1,750, to be secured by a lien upon said land, and reciting that a portion of the money was to be used in paying the incumbrances held by the Lombard Mortgage Company. While the title was in Hackett, and on July 24, 1888, Hackett paid the Lombard Mortgage Company $1,200 out of his own private funds and procured the release of the

two mortgages, without the knowledge of Mahanes or his wife.

On August 22, 1888, Hackett and wife executed to Wm. C. Mahanes a warranty deed to said land and had the same filed in the office of the register of deeds of said Greenwood county. On August 22, 1888, Hackett forged the names of Wm. C. and Sarah E. Mahanes to the note and mortgage and to an order to the loan company to pay the money to him. The acknowledgment of Mahanes and wife purports to have been taken before Alton White, a notary public.

The court submitted 15 special questions to the jury, which, with their answers thereto, are as follows:

"Ques. 1. Did the defendants or either of them make the application for the loan sued on, or authorize N. W. Hackett or any one else to do so? Ans. No.

"Q. 2. Did the defendants execute the notes and mortgage sued on, or authorize N. W. Hackett or any one else to sign their names to them? A. No.

"Q. 3. Did the defendants acknowledge the execution of the mortgage before Alton White as notary public? A. No.

"Q. 4. Is it not a fact that the application, notes and mortgage and order for the payment of the money to Hackett are forgeries? A. Yes.

"Q. 5. Is it not a fact that N. W. Hackett signed the names of the defendants to the notes, mortgage, and order? A. Yes.

"Q. 6. Is it not a fact that Alton White signed the name of defendant W. C. Mahanes to the application? A. Yes.

"Q. 7. Is it not a fact that said Alton White knowingly and wrongfully signed said name to the application without the authority of W. C. Mahanes, and wrongfully and fraudulently witnessed the signatures of the appraisers thereto, and in said manner witnessed said notes and mortgage and certified to the same as a notary public? A. Yes.

"Q. 8. Is it not a fact that said Alton White was

the agent of the Kansas Loan and Trust Company, mortgagee herein, in and about the making of the said loan? A. Yes.

"Q. 9. Did defendants or either of them receive the proceeds of said loan, directly or indirectly, or any part thereof? A. No.

"Q. 10. Did the proceeds of said loan or any part thereof go toward the payment of the Lombard mortgages that had formerly been against said land? A. No.

"Q. 11. Is it not a fact that N. W. Hackett paid said Lombard mortgages in full out of his own private funds, and about a month before this mortgage purports to be executed by defendants? A. Yes.

"Q. 12. Is it not a fact that N. W. Hackett paid said Lombard mortgages off without the knowledge, consent or authority of the defendants? A. Yes.

"Q. 13. Is it not a fact that he so paid the same without being under any obligations or necessity to do so to protect any interest he had in the land, and acted therein as intermeddler in paying the same? A. Yes.

"Q. 14. Is it not a fact that a month or thereabouts after he had paid the said Lombard mortgages said N. W. Hackett received the proceeds of the notes and mortgage sued on herein in full from the said Kansas Loan and Trust Company, through its agent, Alton White, and upon a forged order from defendants? A. Yes.

"Q. 15. Is it not a fact that at the time of making the loan sued on herein, and the payment of said Lombard mortgages by Hackett, the said N. W. Hackett was indebted to defendant William C. Mahanes in a large sum over and above any claim he may have had against said Mahanes or wife? A. Yes."

Upon the first trial of the case the jury returned a verdict for the defendant below, which was by the court set aside and a new trial granted. Upon the last trial the judge gave, among others, the following instruction, viz.:

"If you find that said note and mortgage were not

signed by the defendants, or by any one authorized by them, then your verdict should be only for the amount of the indebtedness on their land at the time, to wit, the Lombard mortgages for $1,000 and $150 and its interest due thereon, with interest thereon from the date of their payment at the rate of 6 per cent."

A verdict and judgment were rendered against the defendants below for $1,428, and they bring the case here for review.

*R. P. Kelley*, for plaintiffs in error.

*Fuller &* '*Whitcomb*, and *Clogston & Fuller*, for defendant in error.

The opinion of the court was delivered by

DENNISON, J. : To determine the legal proposition embodied in this case we must decide whether the Kansas Loan and Trust Company or its assignee, the Dartmouth Savings Bank, is entitled to be subrogated to the rights or to be treated as the equitable assignee of the Lombard Mortgage Company. It is clear that the loan company or its assignee is not entitled to be subrogated to the rights of the Lombard Mortgage Company or entitled to the protection afforded by the lien of its mortgages. They did not either directly or indirectly pay the Lombard Mortgage Company the amount due upon the mortgages or any part thereof. In fact, the Lombard mortgages had been paid by Hackett and released of record about a month before the loan company had paid out anything upon the loan. Hackett forged a mortgage upon the land, and obtained the money from the loan company by means of a forged order, at a time when the land was unincumbered. For the same reasons the loan company or its assignees cannot be consid-

ered the equitable assignee of the Lombard Mortgage Company.  Hackett tendered a forged note and mortgage and 'a forged order purporting to have been signed by Mr. and Mrs. Mahanes, and the loan company paid him the money upon them.

Whatever may have been the status of the transactions between Hackett and Mahanes, and whatever rights the plaintiff below might have established under proceedings in garnishment or otherwise, it cannot be said that the necessary elements entered into this case to entitle said plaintiff to be subrogated to the rights of the Lombard Mortgage Company.  The money of its assignor did not pay the Lombard Mortgage Company.  Its assignor had parted with no money until about a month after the Lombard mortgages had been paid and satisfied of record.  If the loan company had not paid out the money upon the forged note, mortgage, and order, the status of the Lombard mortgages would not have been changed.  In fact the loan company was not instrumental, either directly or indirectly, in procuring the payment or release of the Lombard mortgage or in furnishing the money for that purpose.  We are compelled to hold that the third instruction given by the court was erroneous.  The plaintiffs in error were entitled to a judgment upon the special findings made by the jury.

The judgment of the district court is reversed, and the case remanded, with instructions to render judgment for the defendants below upon the special findings of the jury.

All the Judges concurring.